```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
    NORTHERN DIVISION
```

| | | |
|---|---|---|
| SHELDON W. MOHR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:04CV90JCH(MLM) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security ("defendant") denying the application of Sheldon W. Mohr ("plaintiff") for Social Security benefits under Title II and Title XVI of the Social Security Act. This case was referred to the undersigned United States Magistrate Judge for appropriate disposition pursuant to 28 U.S.C. § 636(b). [Doc. 4]

On April 15, 2005 defendant moved for extension of time to file a brief in support of the Answer. [Doc. 13] This motion was granted. Instead of filing a brief in support of the Answer, defendant now moves for remand pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 14] In defendant's Motion, defendant states that upon reviewing this case, agency counsel requested the Appeals Council to reconsider this case, which it agreed to do. Upon review, the Appeals Council determined that a remand for additional proceedings before an Administrative Law Judge (ALJ) was appropriate. Upon remand, the ALJ should be directed to properly consider plaintiff's impairments at step two of the sequential evaluation process. In addition, the ALJ should be directed to properly evaluate the credibility of plaintiff's subjective complaints under 20 C.F.R. §§ 404.1529(c) and

416.929(c), Social Security Ruling (SSR) 96-7p and Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).

Remand by this court is appropriate under 42 U.S.C. § 405(g) which provides:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

Remand would expedite administrative review, insure that the Commissioner properly considers plaintiff's claim and could make judicial review unnecessary.

Pursuant to the Supreme Court's decision Shalala v. Schaefer, 509 U.S. 292 (1993), the court should enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the decision of the ALJ and remanding this case to the Commissioner under sentence four of 42 U.S.C. § 405(g). Pursuant to Brown v. Barnhart, 282 F.3d 580 (8th Cir. 2002), it is critical that the court specifically include in its order that it is "reversing and remanding" the case. In Brown, the Eighth Circuit noted that in the absence of an order which includes "affirm, modify, or reverse" there "is no statutory 'power' to remand pursuant to sentence four." Id. at 581.

Entry of the final judgment reversing and remanding this case will begin the appeal period which determines the 30-day period during which a timely application for attorney's fees may be made under the Equal Access to Justice Act (EAJA).

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant's Motion to Reverse and Remand be **GRANTED**. [Doc. 14]

**IT IS FURTHER RECOMMENDED** that a final judgment be entered reversing and remanding this case to the Commissioner of Social Security for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS FURTHER RECOMMENDED** that a final judgment be entered in order to begin the appeals period which determines the 30-day period during which a timely application for attorney's fees may be made under the Equal Access to Justice Act (EAJA).

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  28th  day of April, 2005.